**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-5253**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KAREEM JAMAL CURRENCE,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.   James R. Spencer, Chief District Judge.  (3:05-cr-00231)

---

Submitted:  May 25, 2007                Decided:  July 5, 2007

---

Before WILLIAMS, Chief Judge, and WILKINS and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

David R. Lett, Richmond, Virginia, for Appellant.  Chuck Rosenberg, United States Attorney, John S. Davis, Assistant United States Attorney, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal grand jury charged Kareem Jamal Currence with possession with intent to distribute less than five grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (2000), and possession with intent to distribute less than five grams of crack cocaine within 1000 feet of an elementary school, in violation of 21 U.S.C. § 860 (2000). Currence moved to suppress the crack found in the handlebars of his bicycle on the grounds that the warrantless search violated the Fourth Amendment and that the search did not fall within any of the exceptions to the warrant requirement. The district court granted the motion to suppress, and the Government appealed. We held that the search of the handlebars was permissible as a search incident to arrest, reversed the district court's ruling on the motion to suppress, and remanded for further proceedings. United States v. Currence, 446 F.3d 554, 557-59 (4th Cir. 2006) ("Currence I").

On remand, Currence was convicted on both counts after a bench trial. Currence appeals his conviction, asserting that the search violated the Fourth Amendment. He relies on the arguments presented to the court in Currence I. The Government asserts on appeal that Currence is precluded from challenging the validity of the search in this appeal because it was litigated in Currence I.

We agree with the Government. In Currence I, we rejected the claims Currence now seeks to raise in this appeal. Thus, we

find that Currence's challenge to the search is barred by the law-of-the-case doctrine and that none of the exceptions applies. See <u>United States v. Aramony</u>, 166 F.3d 655, 661 (4th Cir. 1999) (discussing doctrine and exceptions thereto); <u>see also</u> <u>Invention Submission Corp. v. Dudas</u>, 413 F.3d 411, 414-15 (4th Cir. 2005) (discussing mandate rule), <u>cert. denied</u>, 126 S. Ct. 1024 (2006). Accordingly, we affirm Currence's conviction.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

- 3 -